PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., *et al.*, | ) | |
| | ) | CASE NO. 4:15cv205 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| RICHARD MCCOY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF No. 8] |

Pending before the Court is Plaintiffs' Motion for Default Judgment against Defendant Richard McCoy pursuant to Fed. R. Civ. P. 55(b). ECF No. 8. Plaintiffs request that the Court grant default judgment against Defendant on Count III, which alleges violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511(1)(a) and 2520, award statutory damages of $10,000, and enter a permanent injunction enjoining Defendant from violating Plaintiffs' rights under the ECPA. Default was entered on March 30, 2015. ECF No. 7. Defendant has not respondent to Plaintiffs' subsequently filed motion. For the reasons that follow, the Court grants Plaintiffs' motion.

## I. Background

Plaintiffs DISH Network L.L.C. ("DISH Network"), Echostar Technologies L.L.C. ("Echostar"), and NagraStar LLC ("NagraStar") allege the following facts in their complaint and documents provided in support of their motion for default judgment.

DISH Network is a multi-channel video provider that delivers video, audio, and data services to its customers via a direct broadcast satellite system. ECF No. 1 ¶ 9. DISH Network

(4:15cv205)

uses satellites to broadcast programming content to consumers who have been authorized to receive the services after payment of a fee. ECF No. 1 ¶ 10. DISH Network contracts for the distribution rights for most of the programming that it broadcasts, and is authorized to protect the copyrighted material it broadcasts from unlawful interception. *Id.* ¶¶ 11–12.

DISH Network's television system consists of a compatible dish antenna, receiver, smart card, television, and cabling to connect the other components. Echostar provides the receiver, dish antenna, and other digital equipment, and NagraStar provides the smart card and other security technology. *Id.* ¶ 14. DISH Network programming is encrypted before it is transmitted to satellites in orbit above Earth. *Id.* ¶ 13. The satellites in turn relay the signal back to Earth where it is received by DISH Network subscribers that have the necessary equipment. The receiver processes the incoming signal by locating the encrypted entitlement control message and forwards it to the smart card. *Id.* ¶ 17. If the user is tuned to a channel that she is authorized to watch, the smart card decrypts the control word that allows the receiver to convert the encrypted signal into viewable programming. *Id.* ¶¶ 17–18.

Various means have been developed over the years that allow users to circumvent DISH Network's security system and illegally intercept DISH Network's encrypted programming. *Id.* ¶ 20. One such method, NFPS, is a service that allows users to subscribe to an internet key sharing ("IKS") service to illegally obtain the control words needed to decrypt DISH Network's signal. *Id.* ¶ 25. Defendant utilized NFPS to illegally obtain DISH Network programming. *Id.* ¶ 27. DISH Network uncovered records during its investigation that prove that Defendant has subscribed to NFPS since at least November 22, 2011. ECF No. 8-3 ¶¶ 6(a)–6(e). Through

(4:15cv205)

piracy, Defendant has caused DISH Network lost revenues that cannot be fully calculated, damaged the business reputations and goodwill of Plaintiffs, and contributed to the companies' costs associated with security updates and legal actions aimed at stopping satellite piracy. ECF No. 1 ¶ 28.

Plaintiffs filed a complaint against Defendant on January 30, 2015. ECF No. 1. Defendant was personally served on February 26, 2015. ECF No. 5. Defendant failed to respond as required by March 19, 2015, the cutoff imposed by Fed. R. Civ. P. 12(a)(1). The Clerk of Courts entered Defendant's default on March 30, 2015. ECF No. 7. Plaintiffs thereafter moved for default judgment. ECF No. 8. To date, Defendant has failed to file an answer or a responsive pleading, request an extension of time, or otherwise make an appearance in this case.

## II. Legal Standard

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Rule 55(a) permits the clerk to enter a default when a party fails to file a timely response to the complaint. Fed. R. Civ. P. 55(a). Upon entry of default, the defaulting party is deemed to have admitted all of the well-pleaded allegations in the complaint regarding liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

After default has been entered, the district court may then enter a default judgment with or without a hearing. Fed. R. Civ. P. 55(b) (stating that the court may conduct a hearing when

(4:15cv205)

necessary to determine the amount of damages). "Rule 55(b)(2) 'allows but does not require the district court to conduct an evidentiary hearing.'" *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (quoting *Vesligaj v. Peterson*, 331 F. App'x. 351, 354–55 (6th Cir. 2009)). "The Court, however, still must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment." *J & J Sports Prods., Inc. v. Rodriguez*, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008).

### III. Discussion

#### A. Defendant Intentionally Intercepted DISH Network's Satellite Signal in Violation of the ECPA

Under the ECPA, it is illegal to intentionally intercept electronic communications. 18 U.S.C. § 2511(1)(a). The statute defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id.* § 2510(4). "Electronic communication," defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature" that is transmitted by a system that affects interstate or foreign commerce, includes satellite television signals. *Id.* § 2510(12); *United States v. One Macom Video Cipher II, SN A6J050073*, 985 F.2d 258, 260–61 (6th Cir. 1993). Under 18 U.S.C. § 2520(a), private parties whose electronic communications have been intercepted may bring a civil action to recover from the person whose conduct violates 18 U.S.C. § 2511.

Plaintiffs have adequately pleaded a violation of the ECPA. Defendant purchased a subscription to NFPS, which he then used to illegally obtain DISH Network's control words and

4

(4:15cv205)

intercept encrypted programming signals. ECF No. 1 ¶¶ 26–27. Defendant has purposefully employed piracy-enabling software to access that which he would otherwise be unable to without a subscription from DISH Network. Each time Defendant tuned in to an encrypted DISH Network channel, the piracy software permitted Defendant to view DISH Network programming without authorization. Accordingly, Plaintiffs are entitled to default judgment.

### B. DISH Network Should be Awarded $10,000 in Statutory Damages

It is within the district court's discretion to determine damages without a hearing when ruling on a motion for default judgment. *Robert James & Assocs. Asset Mgmt., Inc.*, 2012 WL 1122892, at *1 (quoting *Vesligaj*, 331 F. App'x. at 354–55). In this case, the Court concludes that no hearing is necessary to determine damages. Plaintiffs have sought statutory, rather than actual, damages, and, as will be more fully explained below, have demonstrated a basis for an award without the need to conduct a hearing. As important, Defendant has been served with the complaint, the entry of default, and the motion for default judgment, but has failed to defend in this action. It is therefore unlikely that Defendant would participate in a hearing on damages if one were conducted. *See DISH Network L.L.C. v. Singh*, 2015 WL 507002, at *3 (N.D. Ohio Feb. 6, 2015) (declining to hold an evidentiary hearing on statutory damages in an ECPA case because of the nature of the relief sought and the likelihood that the defendant would continue not to defend the action).

Under 18 U.S.C. § 2520(c)(2)(B), a district court may assess statutory damages, in lieu of actual damages, in the amount of the greater of either $100 per each day of violation or $10,000. *Dorris v. Absher*, 179 F.3d 420, 430 (6th Cir.1999) (describing the $10,000 award as the

5

(4:15cv205)

"presumed award" for statutory damages under the ECPA).  In exercising its discretion to award statutory damages, the court's determination is limited to deciding whether to award $10,000 or no award at all; the court cannot choose to grant an award in between.  *DirecTV, Inc. v. Hedger,* 322 F. Supp. 2d 879, 882 (W.D. Mich. 2004) (citing *Dorris*, 179 F.3d at 430).  The following factors are relevant for determining whether to award statutory damages:

> whether the plaintiff suffered financial harm, the extent to which a violation occurred and unlawfully intercepted signals were disclosed, whether the defendant had a legitimate reason for his or her actions, whether the defendant profited from his or her acts, and whether an award of damages would serve a legitimate purpose.

*DirecTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788, 790 (E.D. Mich. 2004) (citing *Dorris*, 179 F.3d at 430).

The Court concludes that an award of $10,000 in statutory damages is appropriate in this case.  Defendant's violation of the ECPA, which is admitted to by virtue of the entry of default, has caused DISH Network financial harm in the form of lost revenues and profits, increased costs for security updates, and damage to reputation and goodwill.  The record reflects that Defendant has subscribed to NFPS since at least November 22, 2011, suggesting that he has been illegally intercepting DISH Network programming for years.  ECF No. 8-3 ¶¶ 6(a)–6(e).  Defendant's purposeful conduct suggests no legitimate reason for his actions, and by refusing to defend this case, Defendant has failed to suggest a contrary explanation for possessing equipment designed to intercept satellite broadcasting signals.  Defendant has also profited from his conduct, having obtained DISH Network programming without paying the average subscription cost of $84 per month that customers typically pay.  ECF No. 8-2 ¶ 21.  Finally, the

(4:15cv205)

award of $10,000 serves as a deterrent for others who would engage in the unauthorized interception of DISH Network programming. *Hedger*, 322 F. Supp. 2d at 883 (noting that the statutory damages covers more than the loss of subscription fees "in order to deter future signal theft"). Accordingly, the Court concludes that Defendant should be held liable for statutory damages in the amount of $10,000 for violating the ECPA.[1]

### C. Permanent Injunctive Relief Should be Awarded

In addition to the award of statutory damages, Plaintiffs seek an order permanently enjoining Defendant from: (1) circumventing or assisting others in circumventing DISH Network's security system, or otherwise intercepting or assisting others in intercepting DISH Network's satellite signal, and (2) testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from DISH Network's satellite receivers, smart cards, satellite data stream, or any other part or component of the DISH Network security system. ECF No. 8-1 at 13.

The ECPA authorizes courts to grant "preliminary and other equitable or declaratory relief as may be appropriate." 18 U.S.C. § 2520(b)(1). A party seeking a permanent injunction must show: (1) that it has suffered an irreparable injury, (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury, (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, and (4) that the public interest would not be disserved by a permanent injunction. *United Steel,*

---

[1] Several other district courts in the Northern District of Ohio have reached the same conclusion on similar facts. *See Singh*, 2015 WL 507002, at *3 n.2 (collecting cases).

(4:15cv205)

*Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO-CLC v. Kelsey-Hayes Co.*, 750 F.3d 546, 559 (6th Cir. 2014) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). An evidentiary hearing is not needed prior to issuing a permanent injunction when, as in the instant case, there are no factual disputes. *Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 423 F.3d 539, 546 (6th Cir. 2005); *Chanel, Inc. v. Huang Cong*, 2011 WL 6180029, at *9 (W.D. Tenn. Dec. 8, 2011) ("Because Cong has defaulted, there are no factual issues in dispute, and a hearing is unnecessary.").

Plaintiffs have and will continue to suffer irreparable harm from piracy of their subscription-based programming. Plaintiffs have incurred significant expenses to develop anti-piracy countermeasures to combat Defendant and others who steal DISH Network programming. ECF No. 1 ¶¶ 18–19. Additionally, Defendant's actions have caused Plaintiffs to suffer lost revenues and damage to business reputation and goodwill that cannot be adequately remedied at law. *Id.* ¶ 28. In contrast to the irreparable harm suffered by Plaintiffs, the only "harm" suffered by Defendant is the prohibition on continuing to engage in illegal conduct. The public interest is served by enjoining violations of federal law and enforcing intellectual property interests; it does not benefit from enabling Defendant or other persons to steal.

The Court concludes that the balance of these factors weighs in favor of granting a permanent injunction, and that injunctive relief is appropriate to prevent Defendant from illegally intercepting DISH Network programming in the future and assisting others from doing so. Accordingly, Defendant is hereby permanently enjoined from (1) circumventing or assisting others in circumventing DISH Network's security system, or otherwise intercepting or assisting

8

(4:15cv205)

others in intercepting DISH Network's satellite signal, and (2) testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from DISH Network's satellite receivers, smart cards, satellite data stream, or any other part or component of the DISH Network security system.

### IV.  Conclusion

For the reasons described above, Plaintiffs' motion for default judgment as to Count III of the complaint is hereby granted.  Plaintiffs are hereby awarded $10,000 in statutory damages, and a permanent injunction outlined above.  Upon representation from Plaintiffs that Counts I and II shall be dismissed in the event that the above relief is granted (ECF No. 8-1 at 13), the Court hereby dismisses Counts I and II of the complaint with prejudice.

The Clerk is directed to issue a copy of this Order by regular mail to Richard McCoy, 2586 Grafton Road, Leetonia, Ohio 44431.


    IT IS SO ORDERED.


|  April 30, 2015 |  */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |